*722 OPINION OF THE COURT
Rockwell Colaneri, J.
This is a holdover summary proceeding to recover possession of real property. The respondent tenant is a recipient of rent payments from the Department of Social Services. In June 1985 the Department of Social Services began to withhold such rental payments, pursuant to Social Services Law § 143*, as a result of notification it received from the Suffolk County Department of Health Services concerning conditions at the property sought to be recovered. The instant holdover proceeding was commenced by service of a notice of petition and petition in November 1985, a 30-day notice to quit having been served upon the respondent tenant in July 1985.
It is the respondent’s contention that Social Services Law § 143* operates as a defense to the petitioner’s proceeding. However, Social Services Law § 143* (5) (a) states that "[i]t shall be a valid defense in any action or summary proceeding against a welfare recipient for non-payment of rent to show existing violations in the building wherein such welfare recipient resides which relate to conditions which are dangerous, hazardous or detrimental to life or health as the basis for nonpayment.” The statute addresses proceedings based upon nonpayment of rent and does not refer to holdover proceedings such as the instant case. The terminology used in Social Services Law § 143* (5) (b) — namely, "[i]n any such action or proceeding” — must be deemed to refer to the nonpayment actions or proceedings dealt with in paragraph (a) of subdivision (5). Additionally, Social Services Law § 143* (5) (b) provisions are specifically directed toward orders or judgments sought "on the basis of non-payment of rent”. Finally, Social Services Law § 143* (5) (c) speaks in terms of "[t]he defenses provided herein in relation to an action or proceeding against a welfare recipient for non-payment of rent”. Consequently, the provisions of Social Services Law § 143* (5) do not apply to summary holdover proceedings and the instant respondent cannot, therefore, avail herself of such provisions.
At trial, the respondent raised the issue of an implied warranty of habitability. However, the implied warranty of habitability is in the nature of a counterclaim in an action for rent. (See, Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, cert denied 444 US 992.) As this is a summary holdover proceeding, that concept would not be applicable to the instant case.
Finally, the instant petitioner has waived her right to rent or use and occupancy.
*723 Judgment for petitioner solely to the extent that a warrant shall issue. Submit warrant.